JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-3587-RGK (RZx) | Date | July 15, 2013 |
|---|---|---|---|
| Title | *Tiffany Warner v. AT&T Mobility, LLC, et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE |
|---|---|
| Sharon L. Williams (not present) | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**     (IN CHAMBERS) Order Remanding Action to State Court

On March 28, 2013, Tiffany Warner ("Plaintiff") filed a complaint against AT&T Mobility, LLC ("Defendant") in the Los Angeles County Superior Court. Plaintiff alleges the following claims: (1) Unlawful discrimination on the basis of disability; (2) Failure to accommodate; (3) Failure to engage in the interactive process; (4) Failure to prevent discrimination; (5) Negligent supervision; and (6) Wrongful discharge.

On May 20, 2013, Defendant removed the action based on diversity jurisdiction. Upon review of Defendant's Notice of Removal, the Court hereby **REMANDS** the action for lack of subject matter jurisdiction.

Pursuant to 28 U.S.C. § 1332, district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the action involves an amount in controversy that exceeds $75,000. After a plaintiff files a case in state court, the defendant attempting to remove the case to federal court bears the burden of proving the amount in controversy requirement has been met. *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). Federal courts must "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). If the complaint does not allege that the amount in controversy has been met, the removing defendant must supply this jurisdictional fact "by a preponderance of the evidence." *Guglielmino v. McKee Foods Corp.,* 506 F.3d 696, 699 (9th Cir. 2007). A court may consider punitive damages and emotional distress damages when determining the amount in controversy. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) (punitive damages); *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (emotional distress damages).

Here, Defendant has not met its burden to establish the threshold amount in controversy. Defendant lists the types of damages Plaintiff alleged in the Complaint–lost wages and benefits, emotional distress damages, punitive damages, and attorneys' fees. However, Defendant provides

speculative estimates as the actual amount of damages. Therefore, the Court cannot ascertain whether the amount in controversy is met. Accordingly, Defendant has failed to demonstrate by a preponderance of the evidence that Plaintiff's combined value of damages exceeds $75,000.

In light of the foregoing, the action is hereby **REMANDED** to state court for all further proceedings.

**IT IS SO ORDERED.**

                                                                  :
Initials of Preparer